Radnor Township School District, Township of Radnor, County of Delaware, and Delaware County Institutional District *v.* Robert K. Betty and Marion Betty, his wife, Appellants.

Radnor Township School District, Township of Radnor, County of Delaware, and Delaware County Institutional District *v.* Roland Massimino and Mary Jane Massimino, his wife, Appellants.

426

Argued April 6, 1977, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Thomas Q. Ciccone, Jr.,* with him *Edgar N. Per-
sons, III,* for appellants.

*Reese A. Davis,* with him *Eugene H. Evans, Fran-
cis P. Connors* and *Greenwell, Porter, Smaltz & Royal,*
for appellees.

Opinion by Judge Crumlish, Jr., June 6, 1977:

The court of common pleas granted a motion for
judgment on the pleadings made by the Radnor Town-

ship School District, the Township of Radnor, Delaware County, and the Delaware County Institutional District (Appellees) against Robert and Marion Betty and Roland and Mary Jane Massimino (Appellants). In effect, it ordered Appellants to make certain payments in lieu of taxes to Appellees. These payments are required under the provisions of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §512(c) and (d) (Act), which require that lessors of real property acquired by the Commonwealth for state highways make payments to the political subdivision in which that property is situated equal to the taxes which would normally be assessed against that property were it not owned by the Commonwealth.

Appellants argue that the Act is an unconstitutional denial of equal protection, a violation of Article VIII, Section 1, of the Pennsylvania Constitution requiring uniformity of taxation, and unenforceable without the promulgation of further regulations by the Secretary of Transportation.

We do not agree.

Appellants contend that they are denied equal protection of the laws guaranteed them by the Fourteenth Amendment of the United States Constitution because they, as Commonwealth lessees, are required to make payments to local taxing authorities whereas lessees of private landlords are not. A statute is presumed to be constitutional[1] and one seeking to establish the unconstitutionality of a statute bears a very heavy burden[2] because legislation will not be declared unconstitutional "unless it clearly, palpably and plainly violated the Constitution." *Commonwealth v. Life Assurance Co. of Pennsylvania*, 419 Pa. 370, 376-77,

---

[1] *Breslow v. Baldwin Township School District*, 408 Pa. 121, 182 A.2d 501 (1962).

[2] *Philadelphia v. Depuy*, 431 Pa. 276, 244 A.2d 741 (1968).

214 A.2d 209, 214 (1965). Appellants have fallen under this burden.

Since all Commonwealth lessees of land acquired for highway purposes are treated equally by the statute, the determinative question is whether Commonwealth lessees may be reasonably classified apart from private lessees. "[T]he Fourteenth Amendment does not deny to states the power to treat different classes of persons in different ways," *Reed v. Reed*, 404 U.S. 71, 75 (1971), and "[a] legislative classification must be sustained unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest." *Frontiero v. Richardson*, 411 U.S. 677, 683 (1973). Our Supreme Court has said that:

> [T]he essential question in testing the validity of such measures . . . is whether the distinctive treatment accorded rests upon substantial differences between the subjects so classified. . . . So long as the classification is neither capricious nor arbitrary, there is no denial of the equal protection of the law. . . . (Citations omitted.)

*Commonwealth v. Life Assurance Co. of Pennsylvania, supra,* 419 Pa. at 378-79, 214 A.2d at 215.

This classification is rational and bears a legitimate relation to governmental interests. Appellants enjoy all the benefits provided by the political subdivisions including, among others, police and fire protection, hospital accessibility, and academic facilities. Since the Commonwealth pays no monies in tax to the local authorities, absent the Act, they are obliged to provide these services to Appellants for free and the other taxpayers there bear a higher proportion of taxes in order to provide these services to the Commonwealth lessee. The classification is, therefore, a fair and rational one.

Even if the Act were a tax, a question upon which we need venture no opinion, as noted above, Common-

wealth lessees may be classified differently than general lessees. Since all members of the class of Commonwealth lessees are treated equally, the Act does not violate Article VIII, Section 1, of the Pennsylvania Constitution which requires that "[a]ll taxes shall be uniform, upon the same *class* of subjects. . . ." (Emphasis added.)

Appellants' final contention is that Section (d) of the Act, which provides that "[t]he secretary shall have the power to promulgate such reasonable rules and regulations as he deems necessary to carry out the provisions of this section," somehow requires the secretary to issue some regulations before the Act can be enforced. A plain reading of the Act reveals this contention to be without merit. The secretary clearly may promulgate regulations "as he deems necessary."

Affirmed.

ORDER

AND Now, this 6th day of June, 1977, the order of the Court of Common Pleas of Delaware County is hereby affirmed.

(For concurring opinion of President Judge BOWMAN, see page 651.)