Municipality of Monroeville, Appellant *v.* David P. Jones, Appellee.

Submitted on briefs October 4, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*John D. Finnegan,* for appellant.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for appellee.

OPINION BY JUDGE ROGERS, January 11, 1983:

On April 2, 1980, the appellee, David P. Jones, a policeman employed by the appellant Municipality of Monroeville, while on duty observed a motor vehicle weaving along the public highway and then striking the medial strip. Jones stopped the vehicle, observed that the driver smelled of drink, arrested him, and took him to the police station where a breathalyzer test was administered which showed that the amount of alcohol by weight in the driver's blood was an amount in excess of the weight which by statute raises a presumption of drunken driving. Jones then took the driver to a restaurant, remained with him until he, Jones, was satisfied that the driver was fit to drive and then released him from custody rather than taking him before the issuing authority. Pa. R. Crim. P. 130(b).

It seems that Jones filed a report of his actions and that his action of releasing the driver was promptly questioned by superiors. He responded by a writing dated April 4, 1980, only two days after the event, that he had not filed a complaint (or as he called them, charges) because the driver had been cooperative, had caused no damage, and being a member of the bar would be injured in reputation and in the practice of his profession by prosecution. Jones also expressed

concern as to the legality of the arrest because the police vehicle he had been using was not currently registered. Jones also remarked that if his superiors ordered him to do so he would prosecute, noting that there was ample time in which to file a complaint.

His superiors seem not to have instructed Jones to prosecute the driver. They instead charged him with "failure to take police action when necessary while on duty," a failure listed among actions which constituted neglect of duty in department rules. Jones was suspended for two days.

The Monroeville Personnel Board, after hearing, reduced the period of suspension to one day. Jones appealed this action to the Court of Common Pleas of Allegheny County which without taking additional evidence, reversed the action of the Personnel Board, holding that Jones as the arresting officer was vested with discretion in the circumstances and that the facts did not support the Personnel Board's conclusion that Jones was guilty of the charge made against him. We affirm the court's order.

Pa. R. Crim. P. 130(b) provides:

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

Therefore, Jones was not required by law to take the driver before the issuing authority immediately; deeming it appropriate to do so he might, as he did, release the driver from custody. In this connection the comments to Pa. R. Crim. P. 130(b) state that the arresting officer may take into account in deciding whether to release a defendant from custody whether the driver "resides in the Commonwealth and whether

124

he can safely be released without danger to himself or others.'' The driver lived in the community and no suggestion is made that when Jones released him he was a danger to himself or others.

It is true that Pa. R. Crim. P. 130(d) says that if the defendant is released "a complaint shall be filed." It is not entirely clear that Jones intended not to file a complaint, although that would appear to be the case. He did file a report of the incident and he did state that if he were instructed to do so he would prosecute. Certainly on the day of the incident he did not fail to take a necessary police action; nor, in the absence of an order of his superiors to file a complaint, does it appear to us that he failed to take a necessary police action thereafter.

Order affirmed.

ORDER

AND Now, this 11th day of January, 1983, the order of the Court of Common Pleas of Allegheny County dated September 24, 1981 is affirmed.

Judge CRAIG concurs in the result only.