County of Lehigh, Appellant *v.* Leslie A. Lerner et al., Appellees.

Argued April 5, 1984, before Judges WILLIAMS, JR., MACPHAIL and DOYLE, sitting as a panel of three.

*Jeffrey R. Dimmich,* Assistant Lehigh County Solicitor, with him, *Lawrance J. Brenner,* Lehigh County Solicitor, for appellant.

*Joseph A. Bubba, Butz, Hudders & Tallman,* for appellees.

OPINION BY JUDGE MACPHAIL, May 31, 1984:

This is an appeal by the County of Lehigh (Appellant) from an order and decision by the Court of Common Pleas of Lehigh County which denied Appellant the right to collect payment in lieu of taxes from Appellees.[1]

The Pennsylvania Department of Transportation (DOT) is the owner of sixteen acres in South Whitehall Township, Lehigh County. In 1977, DOT leased this property to Leslie A. Lerner and Murray Saltzman to be used as a golf center. An identical lease was entered in 1979, except that Leslie Murray Company, Inc. was named as lessee.

Appellant filed a complaint in the common pleas court, seeking to compel Appellees to make payments in lieu of taxes for the years 1978, 1979 and 1980. Under The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §512(c) and (d) (Act), lessees of real property acquired by the Commonwealth for state highways must make payments to the political subdivision in which that property is situated, equal to the taxes which would normally be assessed against that property were it not owned by

---

[1] Leslie A. Lerner and Murray Saltzman, individually; The Dorneyville Golf Center; and Leslie Murray Company, Inc.

the Commonwealth. After both parties filed cross motions for summary judgment, the common pleas court held that the lease must incorporate the pertinent provisions of the Act before the lessee can be liable for payments in lieu of taxes and granted Appellees' summary judgment. We reverse.

It is Appellees' position that before liability can be imposed on the lessee, the Act must be incorporated in the lease[2] and that the lessee must receive tax bills or other forms of notice. In *Radnor Township School District v. Betty,* 30 Pa. Commonwealth Ct. 425, 427, 373 A.2d 1361, 1363 (1977) Judge (now President Judge) CRUMLISH. JR. wrote for a majority of the Court

[t]hese payments are required under the provisions of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §512(c) and (d) (Act), which require that lessors (sic) of real property acquired by the Commonwealth for state highways make payments to the political subdivisions in which that property is situated equal to the taxes which would normally be assessed against that property were it not owned by the Commonwealth.

In *King v. Commonwealth,* 41 Pa. Commonwealth Ct. 329, 332, 398 A.2d 1117, 1119 (1979), this Court stated

---

[2] Appellees base part of their argument on the fact that in 1982, Appellant and Leslie Murray Company, Inc. entered a lease agreement which did incorporate the "payments in lieu of taxes" language of the Act. Appellees argue that the inclusion of this provision in the 1982 lease shows the need for the lease to contain this language before liability can be imposed, and that Appellant cannot now seek payments from prior lease agreements which did not include the language of the Act. While the inclusion of the critical language in the lease would eliminate all doubt as to the lessees' liability, the mere fact that the lessor amended its standard lease form is not determinative of whether the lessee had a legal obligation to make the payments by virtue of the language of the Act.

it is the *Act* and not The General County Assessment Law that requires payments in lieu of taxes and confers upon the Secretary the power to enforce its provisions.

It is true, as the court of common pleas in the case *sub judice* points out, that there is language in a concurring opinion in *Betty* containing language which would seem to say that the requirement of payments in lieu of taxes must be included in the terms of the lease. Since the concurring opinion was not joined by a majority of the Court, it would not be binding, of course. In addition, we must note that the issue in *Betty* was not whether such language was required in the lease, but rather whether the statutory requirement was constitutional. At most, therefore, the language in the concurring opinion would be dicta.

It is our opinion, now that the issue is directly before us, that it is the Act which imposes the liability, not the lease. Nothing in the Act mandates that there be language in the lease to make the statutory requirement enforceable. The ancient legal maxim that all of us are presumed to know the law must prevail. The statutory obligation is clear; where a private entity leases real property acquired by DOT for State purposes it

shall make payments in lieu of taxes to the political subdivisions in which such leased property is located in an amount equal to the annual taxes that would normally be due on such property, if taxable. (Emphasis added.)

In our view, the language of the statute is self-executing and those who deal with DOT have a duty to be aware of and to obey the law.

### Order

The order and decision of the Court of Common Pleas of Lehigh County, No. 82-C-1381, dated Febru-

636

ary 3, 1983, is reversed and remanded for summary judgment to be entered for Appellant.

Judge WILLIAMS, JR. concurs in result only.