515 A.2d 96

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Robert Ray Turner, Appellee.

Submitted on briefs May 12, 1986, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*J. Matthew Wolfe,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*David R. Eshelman,* for appellee.

OPINION BY JUDGE DOYLE, September 17, 1986:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (Appellant) appeals from an order of the Court of Common Pleas of Berks County which sustained the appeal of Robert Ray Turner (Appellee) from the suspension of his operator's license for refusing to submit to a blood alcohol test pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547.

Appellee was involved in a motor vehicle accident on December 24, 1983. Officer David Gonzalez of the Sinking Spring Police Department arrived at the scene of the accident and found Appellee unconscious behind the steering wheel with his head leaning on the wheel. At that time the officer noted an odor of intoxicating beverage on Appellee's breath. Appellee was taken to the Reading Hospital and Medical Center, and when he regained consciousness, was asked by Officer Gonzalez

if he would submit to a blood alcohol test. Appellee, a juvenile, stated that he would agree to take the test if his father agreed. Appellee's father, who was present, immediately assented. Officer Gonzalez then went to obtain hospital release forms, and upon his return, he informed Appellee that he was under arrest for driving under the influence of alcohol, and that if he refused to take the test his license would be suspended for one year. The officer again asked Appellee to consent to the test. Appellee did not respond. His father, however, now stated that he would not permit his son to take a test before he contacted his attorney. This was treated as a refusal by Appellee to take the test, and as a result his license was eventually suspended for one year.

Appellee appealed to the court of common pleas, which held an evidentiary hearing and sustained his appeal. The court framed the issues before it as follows:

First, whether the detection of the mere odor of intoxicating beverage on the breath of a vehicle driver alone is sufficient to constitute reasonable grounds to believe the driver has been driving under the influence of alcohol. Second, whether it is error to construe the driver's actions as a refusal to submit to chemical testing and to suspend the driver's operating privileges when a driver orally consents to take a blood test but refuses to sign a hospital release as a condition precedent to the hospital's drawing of the blood, and subsequently, pursuant to hospital policy, the blood is not drawn.

Trial court op. at 3.

The trial court's decision in a license suspension case is not to be disturbed unless the court's findings are not supported by competent evidence, erroneous conclusions of law have been made, or the decision exhibits a manifest abuse of discretion. *McMahon v. Common-*

*wealth of Pennsylvania,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978).

In this case, the trial court found in Appellee's favor on both issues before it. Appellant now argues that the court erred, both in concluding that no reasonable grounds existed for the officer's belief that Appellee was driving under the influence of alcohol, and also in concluding that Appellee's actions did not constitute a refusal to take the blood alcohol test. We agree with both of these arguments and believe that the trial court, although rendering a thorough opinion, misconstrued the issues before it in several important respects.

In addition to finding that there was an odor of alcohol on Appellee's breath, the trial court also found that Appellee was the driver of an automobile which was involved in an accident as the result of which he required treatment at a medical facility. Appellee was also unconscious, a condition which might have resulted solely from the accident, but also might have resulted from, or been contributed to by, excessive intoxication. Appellant argues that these facts amounted to reasonable grounds within the meaning of Section 1547(a)(1) of the Code. Appellant also argues that it was unnecessary in this case to find reasonable grounds to suspect intoxication, because the operator and his passenger both required treatment in a medical facility.[1]

Section 1547(a) of the Vehicle Code provides as follows:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of de-

---

[1] Although the trial court made no findings regarding Appellee's passenger, it is undisputed that this passenger died as a result of the injuries sustained in the accident.

termining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

> (1) while under the influence of alcohol or a controlled substance or both; or

> (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

75 Pa. C. S. §1547(a)(1)(2).

The trial court stated that Section 1547(a)(2) "is not applicable to the facts in the case at hand." Trial court op. at 5. Although we fail to see how this is true, we need not address the issue, as we conclude that upon the facts found by the trial court, reasonable grounds did exist to believe that Appellee was under the influence of alcohol at the time of the accident.

In *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976), this Court stated:

> Whether evidence is sufficient to constitute 'reasonable grounds' can only be decided on a case-by-case basis. The test, however, is not very demanding. We note initially that, for 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time,

a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.

*Id.* at 204-05, 363 A.2d at 872 (footnotes omitted).[2]

In the present case, the officer arriving at the scene was confronted with an accident in which the driver was unconscious, had an odor of alcohol on his breath, and was injured seriously enough to require hospital treatment. We think a reasonable person in the officer's position could have concluded that this driver had been operating his vehicle under the influence of alcohol.

With respect to the second issue, upon the facts as stated by the trial court, we believe that Appellee clearly refused to submit to the chemical test. The trial court relied upon *Maffei v. Department of Transportation,* 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980), in which the driver at all times agreed to take the test but refused to sign a hospital release, and *Department of Transportation, Bureau of Traffic Safety v. Guarino,* 19 Pa. Commonwealth Ct. 104, 339 A.2d 861 (1975), in which the driver remained mute throughout all questioning and was never transported by the police to the location of the test. Neither of these fact patterns conforms to that at issue herein.

In *Department of Transportation, Bureau of Traffic Safety v. Krishak,* 91 Pa. Commonwealth Ct. 307, 496

---

[2] We note that the same provision under which this Court requires "reasonable grounds" is relied upon by the Superior Court to determine whether or not probable cause exists for the admission into evidence of the results of a breathalyzer or blood alcohol test. Recently, in a case with a very similar factual pattern to that here considered, the Superior Court found that probable cause had been satisfied under both Section 1547(a)(1) and Section 1547(a)(2) of the Code. *Commonwealth v. Pelkey,* 349 Pa. Superior Ct. 373, 503 A.2d 414 (1985). As indicated in *Dreisbach,* we consider the test for reasonable grounds to be somewhat less demanding than the test for probable cause.

A.2d 1356 (1985), we stated that a driver's behavior, taken as a whole, could constitute a refusal, even absent the direct verbalization of a negative response. *Id.* at 314, 496 A.2d at 1360. We also stated, "We reject any suggestion that no refusal *by Appellee* occurred because it was his father who made the statement while Appellee, who was perfectly able to speak, stood by. We refuse to allow circumvention of the law in this manner and again reiterate that *Appellee's conduct* can constitute a refusal." *Id.* at 314 n. 3, 496 A.2d at 1360 n. 3. In the instant case, the facts clearly show that Appellee conferred upon his father the authority to speak for him. Although the father first consented to the test, when questioned a second time he retracted this consent, and this retraction was *not* based upon the need to sign a hospital release, but rather upon his desire *to consult an attorney*. It is well-settled that there is no right to speak to an attorney before taking a chemical test for alcohol. *King v. Department of Transportation, Bureau of Traffic Safety,* 81 Pa. Commonwealth Ct. 177, 472 A.2d 1196 (1984). Appellee's silence throughout these events, when viewed in connection with his father's statements, amounts to a refusal to take the test.

For these reasons, we conclude that the court of common pleas erred as a matter of law in sustaining the appeal. We will reverse the court.

## ORDER

NOW, September 17, 1986, the order of the Court of Common Pleas of Berks County at No. 75 of March, 1984, dated September 7, 1984, is hereby reversed, and the one year license suspension of Appellee is hereby reinstated.

Senior Judge KALISH dissents.