Christopher M. WARNER

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 13, 1998.

Decided Jan. 27, 1999.

Bryan S. Neiderhiser and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Mark J. Shire, Monessen, for appellee.

Before FRIEDMAN, J., KELLEY, J., and JIULIANTE, Senior Judge

FRIEDMAN, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Fayette County (trial court) granting the statutory appeal of Christopher M. Warner (Warner) and directing that DOT reinstate Warner's operating privileges.

In the early morning hours of September 13, 1997, Warner was involved in a one-vehicle accident. Warner was sixteen years old at the time. Pennsylvania State Trooper Matthew Steffey arrived at the accident

scene and observed that Warner exhibited the classic signs of intoxication. Warner admitted that he had consumed two beers. Trooper Steffey administered two field sobriety tests, which Warner failed. Trooper Steffey then placed Warner under arrest for suspicion of driving under the influence. (Trial court op. at 2.)

Trooper Steffey informed Warner about the implied consent law in accordance with section 1547(a) of the Vehicle Code.[1] Warner consented to a blood alcohol content (BAC) test while en route to Uniontown Hospital to have blood drawn for such a test. At the hospital, Warner again agreed to submit to chemical testing of his blood. However, hospital personnel refused to perform the test on the sixteen-year-old Warner without parental consent pursuant to the hospital's internal operating procedures. (Trial court op. at 2.)

When Warner's parents arrived at the hospital, Warner's father spoke with Trooper Steffey and hospital personnel. Warner's father then informed hospital personnel that he would not give his consent for the test on his minor son. Trooper Steffey asked Warner again whether he consented to the test, and this time Warner refused. (Trial court op. at 2–3.)

By letter dated November 24, 1997, DOT informed Warner that DOT was suspending his driving privilege for one year pursuant to section 1547(b)(1) of the Vehicle Code because he refused to submit to chemical testing.[2] (R.R. at 7a–8a.) On December 26, 1997, Warner filed an appeal with the trial court. (R.R. at 3a–6a.) On March 11, 1998, the trial court held a hearing on the matter. (R.R. at 11a.)

Based on the evidence presented at the hearing, the trial court determined that Warner did not fully understand his responsibilities as a licensed driver when he ultimately refused to consent to chemical testing. The trial court noted that Warner refused to give his consent only after hospital personnel informed him that parental consent was required and that Trooper Steffey said nothing to contradict the hospital. Warner came to believe that the decision was not his to make. Thus, the trial court concluded that Warner did not make a knowing and voluntary refusal and sustained Warner's statutory appeal.[3] (Trial court op. at 5.)

On appeal to this court,[4] DOT argues that Warner made a knowing and conscious refusal to submit to the blood test at the direction of his father. We do not believe that Warner actually refused to submit to the blood test.

Anything substantially short of an unqualified and unequivocal assent to a request to submit to chemical testing is a refusal.

1. Section 1547(a) of the Vehicle Code, 75 Pa.C.S. §1547(a), states:

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle: (1) while under the influence of alcohol or a controlled substance or both; or (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

2. Section 1547(b)(1) of the Vehicle Code, 75 Pa. C.S. §1547(b)(1), states that if any person placed under arrest for driving under the influence of alcohol is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but, upon notice by the police officer, DOT shall suspend the operating privilege of the person for a period of 12 months. The police officer has a duty to inform the person that his or her operating privilege will be suspended upon refusal to submit to chemical testing. 75 Pa.C.S. §1547(b)(2).

3. A licensee's refusal must be knowing and conscious. *Yoon v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 386 (Pa. Cmwlth.1998).

4. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or committed an abuse of discretion. *Dillon v. Department of Transportation, Bureau of Driver Licensing*, 679 A.2d 291 (Pa.Cmwlth.1996).

*Cunningham v. Department of Transportation,* 105 Pa.Cmwlth. 501, 525 A.2d 9 (Pa. Cmwlth.1987). Normally, the licensee's initial response controls and there is no need to examine what the licensee later stated.[5] *Department of Transportation, Bureau of Traffic Safety v. Krishak,* 91 Pa.Cmwlth. 307, 496 A.2d 1356 (Pa.Cmwlth.1985).

Here, Warner's initial response was an unqualified and unequivocal assent to Trooper Steffey's request to submit to chemical testing. In fact, Warner *twice* gave his unqualified and unequivocal assent to Trooper Steffey's request. The only reason the test was not administered is because the hospital refused to perform the test pursuant to its parental consent policy.

However, section 1547(j) of the Vehicle Code, 75 Pa.C.S. §1547(j), provides that "[n]o physician, nurse or technician or hospital employing such…may administratively refuse to perform [chemical testing] and provide the results to the police officer except as may be reasonably expected from unusual circumstances that pertain at the time the request is made." Trooper Steffey testified: "I [had] never come across the situation where a hospital had refused to do it before, so I was somewhat unsure whether he could definitely have the test done or not." (R.R. at 28a.)

■ A state trooper is presumed to know the law, especially when the trooper is attempting to enforce that law. *County of Lehigh v. Lerner,* 82 Pa.Cmwlth. 632, 475 A.2d 1357 (Pa.Cmwlth.1984) (stating that it is an ancient legal maxim that everyone is presumed to know the law). Likewise, a hospital is presumed to know the law, especially when that law has a direct bearing on the operation of the hospital. *Id.* Warner should not be penalized here because Trooper Stef-

fey and the hospital did *not* know the law. Thus, we conclude that Warner's two unqualified and unequivocal assents are not vitiated by the hospital's subsequent refusal to give the test [6] and Trooper Steffey's ignorance of the law.

In seeking a different result, DOT asks this court to consider its holdings in *Krishak* and *Department of Transportation, Bureau of Traffic Safety v. Turner,* 100 Pa.Cmwlth. 539, 515 A.2d 96 (Pa.Cmwlth.1986). However, those cases are not applicable here. In *Krishak* and *Turner,* the initial response of the licensee to the request to submit to chemical testing was either equivocal or conditional.[7] Here, as stated, Warner gave two unqualified and unequivocal assents to the request, but the hospital would not administer the test.

Because Warner did not actually refuse to submit to chemical testing, we affirm the order of the trial court.[8]

### ORDER

AND NOW, this 27th day of January, 1999, the order of the Court of Common Pleas of Fayette County, dated May 22, 1998, is affirmed.

---

5. This court has held that a refusal is not vitiated by a subsequent consent to take the test. *Cunningham.*

6. Section 1547(j) of the Vehicle Code grants the hospital immunity from civil liability arising from the chemical testing.

7. In *Krishak,* an officer asked Krishak to submit to testing, and Krishak's initial response was "I don't know." *Krishak,* 496 A.2d at 1358. In *Turner,* which relies on *Krishak,* an officer asked Turner to submit to testing, and Turner agreed "if his father agreed." *Turner,* 515 A.2d at 97.

The officer then placed Turner under arrest and asked him again to submit to testing. Turner "did not respond." *Id.* Clearly, Krishak and Turner did *not* give unqualified and unequivocal assents in their initial responses to the requests to submit to testing.

8. The trial court held that Warner did not make a *knowing* refusal to the request to submit to testing. However, because there was not actually a refusal in this case, we need not address whether there was a *knowing* refusal.