Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Scott W. Tillitt, Appellee.

Argued December 3, 1979, before Judges CRUM-LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*Robert R. Graff,* of *Mohan & Graff,* for appellee.

OPINION BY JUDGE BLATT, February 14, 1980:

The Bureau of Traffic Safety of the Department of Transportation seeks review of an order of the Court of Common Pleas of Allegheny County which sustained the license suspension appeal of Scott W. Tillitt (appellee).

The appellee was arrested by the Bethel Park police for driving while under the influence of intoxicating liquor. He was brought to the police station and was requested to submit to a chemical breath analysis. What then transpired is disputed, but the court below found in favor of the appellee, and so we must accept his version as true. His testimony was as follows:

A. Right. They were filling out the report and then asked if I wanted to take the Breathelizer [sic]. I said, 'No.' Otherwise, I was nervous, confused. I had never been arrested before. So I said, 'No' originally right away. I didn't even think about it. Then I thought about it for a couple minutes. I asked the consequences for it. 'Well,' he says, 'if you don't take it you are probably going to lose your license for six months.' At that time I think I better take it, then I said, 'No,' then I said 'Yes,' then I said, 'No, forget it.'

Q. What was the end? Did you say yes or no?

A. I did say 'yes' at the end. At that time I asked if I could use the phone.

Q. Did any of the officers say anything to you at that time after you said your yes and no diatribe?

A. Yes. At that time they said, 'We're not here to play games.' So at that I called my dad and told him I was arrested.

His father advised him to request the test again and said that he would leave at once for the station, where he arrived, according to the father's testimony, within four minutes. At the station the father requested the officers to allow his son then to take the test, but they refused.

A driver's refusal to take a breathalyzer test mandates suspension of his operator's license under Section 1547 of the Vehicle Code, 75 Pa. C.S. §1547, and "we have consistently defined a refusal as anything *substantially* short of an unqualified unequivocal assent to an officer's request to the arrested motorist." *Department of Transportation, Bureau of Traffic Safety v. Pedick,* 44 Pa. Commonwealth Ct. 44, 47, 403 A.2d 181, 182 (1979) (emphasis added). Here, the common pleas court concluded that the appellee's delay in consenting to the test was not substantial, holding that "[t]he retraction of the refusal, and request that the test be administered all within moments, was a sufficient asset under the circumstances of this case."

Under Section 1547(b)(2) of the Vehicle Code, the police officer must inform the driver that his operating privilege will be suspended for refusal to submit to the test. We have previously observed that this section requires "prior warning of the consequence of refusing the test." *Peppelman v. Department of Transportation, Bureau of Traffic Safety,* 44 Pa. Commonwealth Ct. 262, 265, 403 A.2d 1041, 1043 (1979). According to the appellee's testimony, accepted by the court below, he was not informed as to the consequences until after he had refused. After being so informed, he did equivocate, but only instantaneously, and then he gave his consent.

Because we cannot conclude that the appellee's response was *substantially* short of an unqualified, unequivocal assent, the order of the court of common pleas will be affirmed.

### ORDER

AND Now, this 14th day of February, 1980, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

Judge DiSALLE did not participate in the decision in this case.

———

DISSENTING OPINION BY JUDGE CRAIG:

I must respectfully dissent because, even on the basis of the appellee driver's testimony as accepted by the court below, we have his vague assent after being informed of the consequences, followed by a flat "No," succeeded by a "Yes," in turn followed by "No, forget it," and finally an ultimate assent—all of which amounts to something distinctly short of the *unqualified* and *unequivocal* assent which, as the majority opinion correctly notes, is required.