Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v*. Patrick J. Schauer, Appellee.

Submitted on briefs November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Francis P. Bach*, Assistant Counsel, with him *Harold H. Cramer*, Assistant Counsel, *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*David A. Whitney, Cartwright, Fernan & Whitney*, for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 12, 1983:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT), appeals an order of the Court of Common Pleas of Elk County sustaining the appeal of the appellee Patrick J. Schauer to quash his license suspension.

The appellee was stopped for driving under the influence of alcohol whereupon he was requested by the arresting officer to go to the police station to submit to a breathalyzer test. Upon arriving at the police station the appellee refused to submit to the test. A short time later, when the appellee was about to leave the station, he requested that he be given a blood test. The officer refused and subsequently DOT suspended the appellee's license for six months pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

The Court of Common Pleas held that the Commonwealth did not comply with Section 1547(i) of the Vehicle Code, 75 Pa. C. S. §1547(i), in that it was reasonably practicable to honor the appellee's request for a blood test. We disagree.

Section 1547(b) states in part:

(b)  Suspension for refusal. —

   (1)  If any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so, the test shall not be given but upon notice by the police officer, the department shall:

      (i)  suspend the operating privilege of the person for a period of six months....

This statute makes clear, that once a person is requested to submit to a chemical test and refuses to do so, on this basis alone, DOT is *required* to suspend his operating privileges. *See Stitzer v. Commonwealth*, 57 Pa. Commonwealth Ct. 296, 426 A.2d 1214 (1981).

Further, this Court has held that a refusal to take a breathalyzer test is *not* vitiated by a subsequent request to take the test. *Commonwealth v. O'Rourke*, 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976). Once the appellee in this case was requested to submit to a breathalyzer test and refused, DOT was required to suspend his license.

The Court of Common Pleas has misapplied Section 1547(i) of the Vehicle Code. Section 1547(i) states:

Request by driver for test. — Any person involved in an accident or placed under arrest for driving a motor vehicle while under the influence of alcohol may request that he be given a chemical test of his breath. Such requests shall be honored when it is reasonably practicable to do so.

This section is intended to allow a person to voluntarily request a chemical test of his breath when he has *not* been requested by an officer to submit to one in the first instance. Under this interpretation, both Sections 1547(b) and 1547(i) can be given effect. *See* 1 Pa. C. S. §1933. To hold, as did the Court below, that a person may refuse a test and thereafter be entitled to be given one when it is reasonably practicable to do so, and thereby obviate his previous refusal, directly contradicts the clear wording and intention of 1547(b). This cannot be allowed. Accordingly, the order of the Court below is hereby reversed.

### ORDER

AND Now, this 12th day of September, 1983, the order of the Court of Common Pleas of Elk County, dated August 6, 1980 and filed to No. 80-621, is hereby reversed.