Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Janice O. Landau, Appellee.

Submitted on briefs June 3, 1985, to Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Michael R. Deckman,* Assistant Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*S. Stanton Miller, Jr., Dunn and Miller,* for appellee.

OPINION BY JUDGE BLATT, September 16, 1985:

The Bureau of Traffic Safety of the Department of Transportation (Bureau) appeals here an order of the Court of Common Pleas of Delaware County which reversed the license suspension of Janice O. Landau (appellee).

The appellee was arrested by the Nether Providence police for driving while under the influence of alcohol after she was involved in a one-car motor vehicle accident. While seated in the back seat of the arresting officer's vehicle she was requested to submit to a chemical breath analysis, and she refused to do so. The officer explained to her that, by refusing the test, she would be subject to a six-month suspension of her driver's license. He again asked her if she would submit to the test, and she refused a second time.

Pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, a driver's refusal to submit to a chemical breath test mandates suspension of her operator's license.[1] In order for such a refusal to support such a suspension, however, Section 1547(b)(2) of the Ve-

---

[1] At the time relevant to this action, 75 Pa. C. S. §1547 mandated a six-month suspension for refusing a chemical test. The current provisions prescribe a twelve-month suspension for a first refusal.

hicle Code requires that the police officer must inform the driver that his operating privileges will be suspended for refusing to submit to the test. *See Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 411 A.2d 276 (1980).

The Bureau suspended the appellee's license as a consequence of her refusal, and she took a de novo appeal to the court of common pleas. That court held that the officer's testimony that he warned the appellee that her license "would be subject" to a suspension did not reflect a positive statement such as would constitute the proper warning required by our Court's decision in *Peppelman v. Department of Transportation, Bureau of Traffic Safety,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979). We held there that, inasmuch as Section 1547(b)(2) provides that it "shall be" an officer's duty to inform a person that his operating privilege "will be" suspended, an officer who told a motorist that he "could" lose his license for refusing a chemical test had failed to comply with his clear and unambiguous duty to provide prior warning of the consequences of refusing the test. *Id.* at 264, 403 A.2d at 1042. The trial court here concluded that the appellee had not received a proper warning regarding her refusal to take the chemical test and, therefore, that the Commonwealth had failed to show that her refusal was a willful, intelligent and knowing act. Accordingly, it sustained her appeal.

The Bureau here argues that use of the phrase "subject to suspension" did not serve to qualify the warning provided, suggesting that such phrase represents a semantic distinction without a difference from the requisite warning that the operator's license will be suspended.

In *Peppelman* we indicated that the warning or notice requirement is to be strictly construed. We

thereafter held that the standard for evaluating the adequacy of the language used in such a warning is whether or not there has been "a precisely enunciated warning that a driver's license *will* be revoked", *Everhart v. Commonwealth*, 54 Pa. Commonwealth Ct. 22, 26, 420 A.2d 13, 15 (1980). (Emphasis added.) In the matter sub judice, is is clear that the use of "subject" serves to modify or qualify "suspension". And, in consulting Webster's Third New International Dictionary 2275 (1966), we found no use of "subject" to provide such a sense of certainty, as would indicate the automatic consequence of suspension, as is intended to follow a motorist's refusal to take the chemical test. Moreover, that dictionary indicates that "subject" has a number of definitions suggesting a contingent, conditioned or likely result. We believe, therefore, that the warning here issued to the appellee falls short of the standard of certainty required in these matters.

Accordingly, we will affirm the order of the Court of Common Pleas of Delaware County.

### ORDER

AND Now, this 16th day of September, 1985, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

Judge BARRY did not participate in the decision in this case.