510 A.2d 396

William Edward Jackson, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 10, 1986, to Judges CRAIG, DOYLE, and PALLADINO, sitting as a panel of three.

*Robert B. Marcus,* for appellant.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, June 3, 1986:

This is an appeal by William Edward Jackson (Licensee) from an order of the Court of Common Pleas of Allegheny County upholding the action of the Department of Transportation (DOT) in suspending for one year Licensee's operating privileges and dismissing his appeal. The trial court found that Licensee "was proper-

ly requested to undertake a breathalyzer examination [pursuant to Section 1547(b)(2) of the Vehicle Code, 75 Pa. C. S. §1547(b)(2)] and refused to do so." Thus, it determined that the suspension action was proper.

The record discloses that on March 18, 1983 Licensee's automobile collided with a bus in Pittsburgh, Pennsylvania. City police, believing that Licensee had been operating his vehicle under the influence of alcohol, arrested Licensee and transported him to a place where a breathalyzer test could be administered. Licensee did not submit to the examination. Whether Licensee was properly warned in accordance with Section 1547(b)(2) of the Vehicle Code that his refusal to submit to the test would result in the suspension of his operating privileges is the narrow issue before us now.[1] Section 1547(b)(2) places a duty upon the officer "to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing."

The relevant testimony of the officer who requested that licensee take the examination is as follows:

Q. Did you, Officer, request Mr. Jackson to take the Breathalyzer test?

A. Yes, I did.

Q. Did you inform him of any consequences of refusing to take the test?

A. I did, yes.

Q. What did you tell him?

A. That if he refused to take the Breathalyzer, his license will be suspended for one year.

Q. What did Mr. Jackson respond to that?

A. He refused. He wouldn't take it.

---

[1] We disagree with DOT that the issue was not raised below and hence we address it here.

Q. Did he respond verbally, or how did he refuse?

A. Verbally he refused.

(N.T. 9). On cross-examination, however, this witness testified as follows:

Q. Could you describe for us exactly the procedure that went down that particular evening when Mr. Jackson was brought in.

A. He was brought in. He was told he was brought for a Breathalyzer test. He refused. I explained to him that if he refused, he could lose his license for one year. (N.T. 10)[2]

Licensee, relying on the cross-examination testimony, asserts that his warning was improper because it was not issued until *after* he refused to take the test. He relies on *Department of Transportation, Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 411 A.2d 276 (1980). In *Tillitt* the licensee was asked to take the test and refused. Then he asked the consequences of his refusal and at that point was told he would probably lose his license for six months. Upon hearing this, Tillitt equivocated instantaneously and then assented. Nonetheless, his license was suspended for his refusal. We said in *Tillitt* that there must be a prior warning of the consequences of refusal. But we do not construe *Tillitt* to mean that if the refusal predates the warning the procedure is tainted *per se.* Rather, an untimely warning can be cured by a post warning opportunity to assent. This interpretation is in harmony

---

[2] While we have held that a warning that one "could" lose his license for refusing to take the test is legally insufficient, *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979), in this case the testimony on direct examination was that Licensee was warned that if he refuses "his license *will* be suspended." (N.T. 9) (Emphasis added.) Thus, there is legally sufficient evidence of an adequate warning.

with the intent of Section 1547(b)(2) in that it permits a licensee to make an informed choice. *See Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979).

We refused to uphold the suspension in *Tillitt* because DOT attempted to hold Tillitt to his pre-warning refusal rather than accepting his post-warning assent. Licensee, however, unlike Tillitt, does not assert that once his warning was given he changed his mind and agreed to take the test. Instead, he maintains that he never saw the individual who attempted to administer the test, never was asked to take the test, never was warned and never refused. In short, he denies the entire episode. The trial court, however, resolved the testimonial conflicts against him and hence found that a warning was issued. There being no indication that Licensee, subsequent to the warning, agreed to take the test, the trial court correctly concluded that a refusal justifying suspension had occurred. Based upon the foregoing discussion the order of the trial court is affirmed.

## ORDER

Now, June 3, 1986, the order of the Court of Common Pleas of Allegheny County, Nô. SA 254 of 1983, dated October 5, 1983, is hereby affirmed.