525 A.2d 9

Pauline S. Cunningham, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs March 26, 1987, to Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Peter E. Horne, Balph, Nicolls, Mitsos, Flannery & Motto,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, April 28, 1987:

Pauline S. Cunningham (Appellant) appeals from an order of the Court of Common Pleas of Lawrence County dismissing her appeal of a one year suspension of her operator's license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). We affirm.

Appellant was arrested for driving under the influence and taken to the state police barracks where she refused to take a breathalyzer test *after* having been warned of the consequences of her refusal. Approximately five minutes later, Appellant changed her mind, consented to take the test and requested that it be administered. Her request was refused. Subsequently, the Department of Transportation suspended her operator's license. Appellant appealed to the trial court, which affirmed the suspension.

Appellant acknowledges that a refusal to take a breathalyzer test is anything substantially short of an unqualified, unequivocal assent, *Miele v. Commonwealth,* 75 Pa. Commonwealth Ct. 130, 461 A.2d 359 (1983), and that a refusal to take the test is not vitiated by a subsequent request to take the test. *Department of Transportation, Bureau of Traffic Safety v. Schauer,* 77 Pa. Commonwealth Ct. 125, 465 A.2d 101 (1983). Her sole contention is that her consent and request to take the test approximately five minutes after her refusal was not substantially less than an unqualified, unequivocal assent to submit to a breathalyzer test.

Appellant cites *Department of Transportation, Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 411 A.2d 276 (1980) to support her position. However, the circumstances in *Tillitt* are distinguishable from the present case. In *Tillitt,* the driver initially refused to take a breathalyzer test. *Subsequent* to his refusal he was informed of the consequences of refusing. He then *vacillated* between consenting and refusing

until, within a few moments, consenting. The court concluded that the driver's response *after* he was warned was not *"substantially* short of an unqualified, unequivocal assent." *Id*. at 346, 411 A.2d at 277 (emphasis in original).

Here Appellant *admits to refusing after she was informed of the consequences;* she did not vacillate. She *changed her mind* five minutes later. Appellant seeks to have us modify the rule that a subsequent consent does not vitiate a prior refusal to include a consideration of the length of time in which the change of mind occurred. This we have declined to do in the past, explaining that "police officers are not required to . . . spend time waiting to see if the defendant will ultimately change his mind." *Miller Appeal,* 79 Pa. Commonwealth Ct. 648, 650, 470 A.2d 213, 214 (1984). Appellant has made no argument which persuades us that this should be otherwise.

Accordingly, we affirm.

ORDER

AND NOW, April 28, 1987, the order of the Court of Common Pleas of Lawrence County in the above-captioned case is affirmed.