531 A.2d 869

Samuel Naples, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs June 11, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Daniel J. Maisano,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, October 2, 1987:

Samuel Naples (Appellant) appeals an order of the Montgomery County Court of Common Pleas which dismissed his appeal from a suspension of his operating privileges by the Department of Transportation (DOT). We affirm.

The record reveals that Appellant was arrested on October 17, 1984 by a state policeman who observed Appellant's vehicle weaving between the right and left lanes of the roadway. After Appellant was taken to the state police barracks, another officer asked Appellant to take a breathalyzer test. After Appellant refused, the officer explained to Appellant that under Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, "should you refuse to submit to . . . [the] test your license will be suspended for one full year period, twelve full months."[1] The officer then gave Appellant an opportunity to blow into the mouthpiece and even explained the implied consent law several more times to Appellant. Appellant never availed himself of the opportunity to submit to the test.

Appellant argues that the warning given him concerning the suspension of his license was invalid because it was given after he refused to take the test. We disagree.

In *Jackson v. Commonwealth*, 97 Pa. Commonwealth Ct. 602, 510 A.2d 396 (1986), this Court held that "an untimely warning can be cured by a post warning opportunity to assent. This interpretation is in harmony with the intent of Section 1547(b)(2) in that it permits a licensee to make an informed choice." *Id*. at 604-05, 510 A.2d at 398.

---

[1] Notes of Testimony from April 1, 1985 at 14, Reproduced Record at 35a.

In the instant case, it is true that the warning was untimely because it was given after Appellant refused to take the test. However, it is also true that Appellant was then given ample opportunity to take the test. This opportunity cured the tardiness of the warning.

Appellant also argues that Section 1547 requires that the arresting officer give the warning. Appellant maintains that the warning given him was invalid because it was not given by the arresting officer but rather by the officer who administered the breathalyzer test. Section 1547(b)(2) states:

> It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

The context of the quoted portion of Section 1547 does not say that the police officer who gives the warning must be the arresting officer. The reference to "the police officer" could just as readily be to the officer who actually administers the test, whether or not he was the arresting officer.

Further, we are in total agreement with the following passage of the Common Pleas Court's decision:

> The importance of . . . [Section 1547(b)(2)] is that a warning be given, not that it be specifically given by the arresting officer. It is illogical and arbitrary to require that the arresting officer, rather than the officer who is conducting the test, give the warnings. It is more important to the Defendant that his rights be enumerated at the time the test is administered, when an officer is positioned in front of the machine and can demonstrate the procedure to be followed.

> In addition, this Court appreciates the practical consideration that the overwhelming number of police departments are insufficiently

staffed to provide for an arresting officer to phys-
ically accompany the accused back to the station
house, wait until the breathalizer [sic] is pre-
pared and fully operable and then have this
same arresting officer state the appropriate
warnings.

Slip op. at 3.

Because Appellant's arguments have no merit, we
conclude that the Common Pleas Court's order must be
affirmed.

## ORDER

The order of the Montgomery County Court of
Common Pleas dismissing the appeal of Samuel Naples
from a suspension of his operating privileges by the De-
partment of Transportation is hereby affirmed.