535 A.2d 707

Dennis Edward Graves, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 18, 1987, to Judges Mac-Phail and Barry, and Senior Judge Blatt, sitting as a panel of three.

*Joseph E. Vogrin, III, Scott & Vogrin,* for appellant.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Henry G. Barr*, General Counsel, for appellee.

OPINION BY JUDGE BLATT, January 7, 1988:

Dennis Graves (appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed his appeal of a Department of Transportation (DOT) order suspending his operator's license for a period of one year pursuant to Section 1547(b)(2) of the Vehicle Code, 75 Pa. C. S. §1547(b)(2) (refusal to submit to a chemical test).

On December 22, 1984, the appellant was stopped by an O'Hara Township Police Officer (Officer) for numerous traffic violations.[1] Upon detecting the odor of alcohol on the appellant's breath, the Officer administered a field sobriety test which the appellant failed. The Officer thereafter placed the appellant under arrest for driving under the influence of alcohol and requested that he take a breathalyzer test. The appellant refused to take the test and, on January 17, 1986, DOT notified him that his operator's license was suspended for one year. On appeal, and after a hearing *de novo*, the trial court dismissed the appeal, concluding that the appellant was properly informed by the Officer that, if he refused to take the test, "he could lose his license for one year." Reconsideration was denied and this appeal followed.

The appellant's sole contention on appeal is that the Officer's warning that he "could lose his license" was insufficient under Section 1547(b)(2).[2] DOT counters by

---

[1] The Officer observed the appellant changing lanes without a turn signal, operating his vehicle twice in the wrong traffic lane, illegally passing another car, and weaving on the roadway.

[2] Section 1547(b)(2) provides that: "It *shall* be the duty of the police officer to inform the person that the person's operating privi-

arguing that: 1) the appellant waived the issue of the adequacy of the warning which he received by not raising it before the trial court or in his notice of appeal to this Court;[3] 2) the appellant, himself, admitted that the Officer's warning was that he "would" lose his license if he refused to take the breathalyzer test; and 3) the trial court inadvertently used the word "could," rather than "would."[4]

Preliminarily, we note that a warning given pursuant to Section 1547(b)(2) to the effect that an individual's operator's license "could," rather than "would," be suspended upon a failure to submit to a breathalyzer test, is inadequate to convey the standard of certainty of the suspension that is mandated by the statute. *Peppleman v. Commonwealth of Pennsylvania*, 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979). And, inasmuch as the trial court here found that the Officer warned the appellant that his license *"could be suspended"* upon his refusal to submit to a breathalyzer test, if that finding is supported by substantial evidence, then the trial court erred in dismissing the appeal.

A trial court, of course, is the ultimate finder of fact, and its credibility determinations may not be overturned on appeal. *Department of Transportation, Bureau of Traffic Safety v. Dourte*, 66 Pa. Commonwealth Ct. 511, 445 A.2d 264 (1982). Our scope of review is

lege *will be* suspended or revoked upon refusal to submit to a chemical test." (Emphasis added.)

[3] Our review of the Notice of Appeal filed with the trial court, however, indicates that this issue was, in fact, raised. The appellant specifically claimed that "[he] was not properly requested to submit to a breathalyzer test. . . ." Furthermore, this is the precise issue addressed by the trial court and presented to this Court on appeal.

[4] We, however, must examine the trial court's findings as they appear in its opinion to determine whether or not they are supported by substantial evidence. And, we will not, as DOT requests, look beyond the plain meaning of those words.

limited to determining whether or not constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Department of Transportation, Bureau of Traffic Safety v. Emory,* 91 Pa. Commonwealth Ct. 580, 498 A.2d 26 (1985).

At the *de novo* hearing before the trial court, the appellant admitted that "[he] was told that [he] was going to lose [his] license for a year" if he refused the chemical test. The Officer also testified, on direct examination before the trial court, that he had informed the appellant that he "would lose his license for one year" if he refused the test. The Officer, however, testified later on cross-examination that he warned the appellant that, if he refused the test, "he might lose his license." The trial court specifically rejected the appellant's testimony as not being credible, and, finding the Officer's testimony on cross-examination credible, held that the appellant was told that he "could" lose his license upon a refusal to take a chemical test.

We believe that the Officer's testimony, on cross-examination before the trial court, to the effect that he warned the appellant that he "might" lose his license, was synonymous with a warning that the appellant "could" lose his license upon a refusal to submit to a breathalyzer test. And we further believe that both words lack the specificity required to convey the mandatory nature of the suspension.

Accordingly, the Officer's testimony constitutes substantial evidence to support the trial court's finding that the appellant was actually warned that he "could" lose his license.

We will, therefore, reverse the order of the trial court and order that the appellant's operator's license be reinstated.

394

ORDER

AND NOW, this 7th day of January, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.

Judge BARRY dissents.