536 A.2d 465

David Patrick Kelly, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 18, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT.

*Raymond P. Amatangelo,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, January 21, 1988:

David Kelly (Appellant) appeals an order of the Court of Common Pleas of Washington County (trial court) which dismissed his appeal of a Department of Transportation (DOT) order suspending his operator's license for a period of one year pursuant to Section 1547(b)(2) of the Vehicle Code, 75 Pa. C. S. §1547(b)(2) (refusal to submit to chemical testing).

On July 27, 1985, the Appellant was involved in an automobile accident, subsequent to which he failed four field sobriety tests and was placed under arrest for driving under the influence of alcohol. He was thereafter requested to submit to a blood alcohol test and he was told that, if he refused, "he would be subject to having his license suspended by [DOT] for one year." The Appellant refused to submit to a test,[1] and DOT suspend-

---

[1] Appellant initially refused the police officer's request to submit to a blood alcohol test, but changed his mind and agreed to the test. Upon arrival at the hospital where the test was to be administered, however, he again refused.

ed his license. The Appellant appealed the suspension, and after a *de novo* hearing, the trial court dismissed the appeal. This appeal followed.[2]

The Appellant's sole contention on appeal is that pursuant to this Court's holding in *Commonwealth of Pa., Department of Transportation, Bureau of Traffic Safety v. Landau,* 91 Pa. Commonwealth Ct. 646, 498 A.2d 47 (1985), a warning that his license "would be subject to" suspension is insufficient to meet the requirements of Section 1547(b)(2).[3] DOT counters by arguing that *Landau* was erroneously decided because that case overlooks this Court's holding in *Smolick v. Commonwealth,* 60 Pa. Commonwealth Ct. 180, 430 A.2d 1230 (1981) (warning of "could and would" held sufficient under statute) and because the word "subject" was used as a verb in the police officer's warning rather than as an adjective modifying the noun "suspension."

Preliminarily, we note that at issue in *Smolick* was a warning consisting of the words "could and would." That, however, is not the situation in the case *sub judice*. At issue here is a warning consisting of the words "would be subject to" a suspension. In *Landau,* we specifically rejected DOT's argument that the use of the word "subject" does not render a warning insufficient under Section 1547(b)(2), when we stated that:

> [T]he use of 'subject' serves to modify or qualify 'suspension.' And, in consulting Webster's Third New International Dictionary 2275 (1966), we found no use of 'subject' to provide such a sense of certainty, as would indicate the automatic con-

---

[2] This case, previously listed for disposition on brief by a panel of this Court, was subsequently reassigned for disposition on brief by the Court en banc.

[3] Section 1547(b)(2) provides that "It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing."

sequence of suspension, as is intended to follow a motorist's refusal to take the chemical test.
*Id*. at 649, 498 A.2d at 48.

Having now reflected further upon the matter, we agree with DOT that *Landau* was erroneously decided. We are of the opinion that the officer's warning in the instant case that the motorist "would be subject to having his license suspended" is substantial, if not literal, compliance with the mandate of Section 1547(b)(2) that the motorist must be informed that his license "will be suspended" in the event of a refusal of the test.

We now believe that our prior decision unnecessarily placed a burden upon the police to "parrot" verbatim the statutory language and, therefore, we expressly overrule *Landau*. We are of the opinion that this was not the legislative intent when Section 1547(b)(2) was enacted. We further believe that a reasonable person of average intelligence would understand from the words of warning used here by the officer that the motorist's license would be suspended if he refused the test. That is all that the statute requires.

Order affirmed.

## ORDER

The order of the Court of Common Pleas of Washington County is affirmed.

———

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent.

The majority would hold that the warning given Kelly complies with the mandate of the Vehicle Code that "[i]t shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing." 75 Pa. C. S. §1547(b)(2).

In *Peppelman v. Department of Transportation, Bureau of Traffic Safety,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979), we held that the warning or notice requirement is to be strictly construed. Moreover, in *Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980), we held that the standard for evaluating whether a warning is sufficient is whether there has been "a precisely enunciated warning that a driver's license *will* be revoked." *Id.* at 26, 420 A.2d at 15 (1980).

Finally, in *Commonwealth of Pa., Department of Transportation v. Landau,* 91 Pa. Commonwealth Ct. 646, 498 A.2d 47 (1985), we held that the language "would be subject to suspension" within a warning clearly fell short of the *Peppelman* and *Everhart* standards.

The majority overlooks *Peppelman* and *Everhart* and would now overrule *Landau* because it believes that those prior decisions placed an unnecessary burden upon police officers to recite the statutory language.

I believe, however, that in enacting Section 1547(b)(2), the legislature intended that the warning be clear, concise, and definite that a motorist's license *"will be suspended."* Police officers, who have experience with drunken driving cases, bear a minimal burden to comply with this standard. However, the licensee's interest in knowing the consequences of his refusal is great. Motorists, who depend on their driver's license, should know in unequivocal terms that in refusing a blood or breath test, their license will be suspended without fail.

I would reverse.