537 A.2d 80

Kevin J. Doolin, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs October 6, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*William S. Hays,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, for appellee.

OPINION BY JUDGE COLINS, February 8, 1988:

Kevin Doolin (appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed his appeal of a Department of Transportation (DOT) order suspending his operator's license for a period of one year pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa. C. S. §1547(b)(1) (suspension for refusal to submit to chemical testing).

On July 11, 1985, the appellant was stopped by a West View Borough police officer for a traffic violation.

Subsequently, the appellant failed three field sobriety tests and was arrested for driving under the influence of alcohol in violation of Section 3731(a)(1) of the Vehicle Code, 75 Pa. C. S. §3731(a)(1). Thereafter, he was transported to the police station where the arresting officer read to him a form entitled "Important Notice to Vehicle Operator."[1] Contained therein was a paragraph outlining the consequences of a refusal to submit to testing for blood alcohol content. The notice reads: "if you refuse this testing, (1) you will still be charged with Driving Under the Influence of Alcohol or Controlled Substance, (2) you will be subjected to a One Year Suspension of your Operating Privileges, . . . ."[2]

The arresting officer requested that the appellant take a blood sample test but this request was refused. He then asked the appellant to submit to a urine sample test, which was also refused. After contacting his attorney, the appellant requested a breathalyzer test. Thereafter, DOT suspended his operating privileges. The appellant appealed the suspension and after a *de novo* hearing, the trial court dismissed the appeal. The appellant now appeals the order of the trial court.

On appeal, the appellant raises two issues. He first contends that the arresting officer failed to give him a precisely enunciated warning of the consequences of refusing to submit to testing of his blood and that, therefore, his "refusal" to submit to testing must be ne-

---

[1] In his testimony to the trial court, the arresting officer indicated that he "read [appellant] that he would be subjected to a one-year suspension of his operating privileges." Notes of testimony from March 5, 1986 at 8.

[2] A copy of this notice is contained in the record. The signature of the appellant appears on the notice indicating that it was read to him and the appellant does not contend that he failed to understand the contents of the notice as read to him.

gated.[3] Considering the record before us and the recent decision of this Court in the case of *Kelly v. Commonwealth of Pennsylvania,* 113 Pa. Commonwealth Ct. 1, 536 A.2d 465 (1988), we must disagree.

There is no dispute in this matter upon whether the arresting officer read the notice to the appellant which indicated that he would be subjected to a one year suspension of his operating privileges should he refuse blood alcohol testing. We find our recent decision in *Kelly* to be dispositive of this matter. In *Kelly* we held that:

> We are of the opinion that the officer's warning in the instant case that the motorist 'would be subject to having his license suspended' is substantial, if not literal, compliance with the mandate of Section 1547(b)(2) that the motorist must be informed that his license 'will be suspended' in the event of a refusal of the test.

*Id.* at 4, 536 A.2d at 466. Clearly, the Officer's reading of the notice to the appellant in the instant matter fulfills the requirement of Section 1547(b)(2) of the Vehicle Code as indicated in *Kelly.*[4]

---

[3] Appellant, in its argument to this Court, has raised an issue which is controlled by Section 1547(b)(2) of the Vehicle Code. The appellant's license suspension, as contested at the trial court level, was based on a violation of Section 1547(b)(1) of the Vehicle Code.

[4] In *Kelly,* we overruled our previous holding in *Department of Transportation, Bureau of Traffic Safety v. Landau,* 91 Pa. Commonwealth Ct. 646, 498 A.2d 47 (1985), stating that:

> We now believe that our prior decision unnecessarily placed a burden upon the police to 'parrot' verbatim the statutory language. We are of the opinion that this was not the legislative intent when Section 1547(b)(2) was enacted.

*Kelly,* 113 Pa. Commonwealth Ct. at 4, 536 A.2d at 466.

The second issue raised by the appellant is whether he had a right to receive a breath test rather than the blood or urine test which was offered by the arresting officer. The appellant argues that where a motorist requests and is refused a breath test, which he is physically able to take and which is reasonably practicable to administer, but refuses to take a blood test, the Commonwealth may not suspend his operating privileges for the refusal. We disagree.

The appellant makes much of the fact that he requested a breathalyzer test and that this request was refused by the arresting officer. The appellant cites Section 1547(i) of the Vehicle Code, 75 Pa. C. S. §1547(i), to this Court for the proposition that he had an absolute right to have a breathalyzer test, if it was practicable. Section 1547(i) of the Vehicle Code reads:

> Request by driver for test.—Any person involved in an accident or placed under arrest for a violation of section 3731 may request a chemical test of his breath, blood or urine. Such request shall be honored when it is reasonably practical to do so.

At first glance the appellant's argument seems to have some merit. However, this Court ascertained the legislature's intent in enacting Section 1547(i) in the case of *Department of Transportation, Bureau of Traffic Safety v. Schauer*, 77 Pa. Commonwealth Ct. 125, 465 A.2d 101 (1983). We concluded:

> This section is intended to allow a person to voluntarily request a chemical test of his breath *when he has not been requested by an officer to submit to one in the first instance.*

*Id.* at 127, 465 A.2d at 102 (emphasis in original and added). Therefore, a motorist's right to request chemical testing is limited to the situation where no test has been requested by the arresting officer.

In the case at hand, the arresting officer requested that the appellant submit to a blood test and thereafter, a urine test. The appellant refused to submit to the blood test for fear of needles and "flat out" refused to take the urine sample test. This is not a situation where a motorist was not requested by an officer to submit to a test and thereafter, voluntarily requested a breathalyzer test.

Moreover, in the case of *Cunningham v. Commonwealth of Pennsylvania, Department of Transportation,* 105 Pa. Commonwealth Ct. 501, 525 A.2d 9 (1987), this Court held that a refusal to submit to testing is not vitiated by a subsequent request to take the test. In the case at hand, the appellant's refusal to submit to blood or urine testing is not vitiated by his request to submit to a breath test.

The gist of the appellant's argument seems to be that the option of choosing the method of testing is that of the motorist. We reached a contrary conclusion in our recent decision in *Wenger v. Commonwealth of Pennsylvania,* 107 Pa. Commonwealth Ct. 20, 527 A.2d 1071 (1987), where we noted that there is nothing contained in Section 1547(a) of the Vehicle Code to indicate that the licensee has the option of choosing the test which he will take. *See also Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985). Anything less than an unequivocal assent to submit to testing constitutes a refusal. *Id.*

The arresting officer clearly fulfilled his statutory duty of warning the appellant that his refusal to submit to chemical testing would result in suspension of his motor vehicle operating privilege. The appellant unequivocally refused to submit to a blood test or a urine test when requested by the arresting officer to so comply. We must conclude that the trial court did not err in

302

its conclusion that the appellant refused to submit to chemical testing and properly dismissed appellant's appeal.

Order affirmed.

ORDER

AND NOW, this 8th day of February, 1988, the Order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

President Judge CRUMLISH, JR., dissents.