547 A.2d 1303

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* David Scott McCafferty, Appellee.

154

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, September 29, 1988:

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Clarion County which reversed the action of the Department in suspending the operating privileges of David Scott McCafferty (Licensee) for refusing to take a breathalyzer test.

*See* Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

The trial court found that at the time the Department sent the suspension notice to Licensee in November 1983 it was in possession of his correct address but, nonetheless, failed to send the notice to that address. Licensee testified that he notified the Department orally in March of 1982 and again in writing in April of 1982 of a change in address. Licensee did not appeal his November 1983 notice of license suspension to the common pleas court within the thirty day time period for such appeals as set forth in Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b) apparently because he did not receive timely notice of it at his correct address. He did appeal to the common pleas court on March 30, 1984. Although the trial court was certainly within its province as fact finder when it determined that the Department mistakenly sent Licensee's letter to the wrong address, and that such conduct could constitute a basis for permitting an appeal *nunc pro tunc*, the trial court did not make a specific finding as to *when* Licensee received actual notice. This in turn would enable us to determine when the appeal period would have begun. Normally, a remand would be in order because this crucial fact is missing. In this instance, however, because we believe that the trial court erred as a matter of law on the merits, a remand is not necessary.

In a case involving the suspension of operating privileges for a refusal to submit to breathalyzer testing, the Department is obligated to prove that (1) the motorist was arrested for driving while intoxicated, (2) the motorist was requested to submit to a chemical test and (3) the motorist refused to do so. *Department of Transportation, Bureau of Traffic Safety v. Sinwell*, 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982). Further, in cases where the issue is raised, the Department must

show that the officer gave the motorist an adequate warning that the consequence of refusal will be the suspension of his operating privileges. *Id.* The question of warning is the only matter at issue here.

The trial court found that the police officer testified that he told Licensee that "he would be subject to suspension" if he refused to take the test. The trial court reasoned that the word "would" expresses merely a possibility or a contingency and, thus, was not definite enough to meet the warning requirement which exists in Section 1547(b) of the Vehicle Code. Until recently that was the state of the law. *See Department of Transportation, Bureau of Traffic Safety v. Landau,* 91 Pa. Commonwealth Ct. 646, 498 A.2d 47 (1985), which held that the language "would be subject" to a suspension was inadequate to apprise a licensee of the certainty of suspension after refusing a breathalyzer test. *Landau,* however, was recently overruled in *Kelly v. Commonwealth,* 113 Pa. Commonwealth Ct. 1, 536 A.2d 465 (1988), wherein this Court specifically ruled that the phrase "would be subject to" was sufficient as a matter of law to apprise the licensee of the consequences of his refusal. Accordingly, because the warning was sufficient under *Kelly,* the trial court committed error in overruling the Department's action. For this reason the order of the court of common pleas is reversed.

## ORDER

NOW, September 29, 1988, the order of the Court of Common Pleas of Clarion County in the above-captioned matter is hereby reversed and the Department's suspension is reinstated.