553 A.2d 105

Robert Wayne Henderson, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs July 12, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Robert W. Henderson*, appellant, for himself.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY JUDGE SMITH, January 19, 1989:

Robert W. Henderson (Appellant) appeals from a decision of the Court of Common Pleas of Franklin County which sustained the one-year suspension of Appellant's operator's license by the Department of Transportation (DOT) pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b).[1]

---

[1] Section 1547(b) provides in pertinent part:

**(b) Suspension for refusal.—**

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

On October 7, 1987, at approximately 1:10 a.m., Appellant was observed operating his vehicle without lights for three and a half blocks, drifting back and forth across two lanes of travel and changing lanes without signaling. Consequently, the police officer pulled Appellant over and requested Appellant's license and owner's card. The police officer noticed that Appellant's eyes were glassy, his suit appeared to be slept in and his breath smelled of alcohol. Subsequently, Appellant was arrested, requested to take a field sobriety test, refused and was then transported to the police station and requested to take a blood test. Appellant refused to take the test and was then advised of the consequences of his refusal whereupon Appellant requested to speak to an attorney.[2] As a result of this refusal, Appellant's license was suspended.

---

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

[2] Appellant testified as follows on direct examination as to events at the police station:

Q And what happened once you were taken to the police station?

A ... He [police officer] then asked me if I would submit to a blood alcohol test. My response was no, sir, I will not. Then he said you understand that will result in an automatic suspension of your driving privileges in Pennsylvania for one year. I said, yes, sir, I do.

Q Did he ask any additional questions about whether or not you would submit to the test at that point?

A No, sir, he did not, and I deliberately and very consciously changed the subject matter of the conversation matter at that point. And I told him I understood, I said, don't you think it was time I was allowed to call an attorney? At which time, he said do you want to call an attorney, we will call one for you.

On cross-examination, Appellant further testified:

Q Sir, are you an attorney in the Commonwealth of

On appeal from the suspension, the trial court found that the warning given to Appellant was improper because it was not issued until after he refused to take the test, but concluded that the defect was cured by a "post-warning opportunity" to assent.[3] The trial court relied upon this Court's decision in *Jackson v. Commonwealth of Pennsylvania*, 97 Pa. Commonwealth Ct. 602, 510 A.2d 396 (1986), which held that an untimely warning can be cured by a "post-warning opportunity" to assent. The licensee in *Jackson* failed to change his mind and assent to testing once he received the untimely warning, and his suspension was thus upheld on appeal. The trial court reasoned that Appellant's detention at the police station for twenty minutes after his refusal to submit to testing and warning of the consequences of his refusal constituted a "post-warning opportunity" to assent to testing. The trial court therefore held that Appellant's actions amounted to a refusal under Section 1547 (b) (1) and upheld DOT's suspension.

---

A Yes, sir, I am.

Q So, you believe that you proceeded in this instance under the....*Sheakley* decision found at 513 A.2d 551 [*See* n.3, infra]?

A My understanding was that if he asked me the question before he gave me the refusal warning, that he might have an opportunity to procure that, if he had asked me again, and he did not ask me again, and I tried my best to steer him from it, which I was successful at.

N.T., Transcript I., pp. 4-5, 7.

[3] The trial court dismissed Appellant's argument that *Sheakley v. Department of Transportation*, 99 Pa. Commonwealth Ct. 328, 513 A.2d 551 (1986), *appeal denied*, 515 Pa. 586, 527 A.2d 546 (1987), was controlling but relied upon dicta in *Sheakley* when it found the warning defective. "The only warning to which the motorist is entitled under the statute prior to being asked to submit to a breathalyzer is that the motorist's driver's license would be automatically suspended upon a refusal to take the test." *Id.* at 333, 513 A.2d at 554.

Recognizing that the trial court is the ultimate finder of fact, and its credibility determinations may not be overturned on appeal, this Court's scope of review of a common pleas court decision is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Graves v. Commonwealth of Pennsylvania,* 112 Pa. Commonwealth Ct. 390, 535 A.2d 707 (1988).

The sole issue raised by Appellant is whether the trial court erred in concluding that Appellant was given a "post-warning opportunity" to assent after the untimely warning. Appellant contends that the police officer has a duty to take some affirmative step to inform the licensee that a "post-warning opportunity" to assent is being given by the officer. DOT argues, however, that whether Appellant was given a post-warning opportunity to assent is a question of fact for the trial court and should not be disturbed if supported by the evidence. Additionally, DOT argues that Appellant's appeal is frivolous and requests an award of counsel fees pursuant to Pa. R.A.P. 2744.

To prevail upon appeal in a license suspension case under §1547(b) of the Code, DOT must prove that the licensee was arrested for driving while intoxicated; was requested by the officer to submit to a chemical test; and refused to do so. *Department of Transportation v. McCafferty,* 120 Pa. Commonwealth Ct. 153, 547 A.2d 1303 (1988). Where the issue is raised, as in this case, DOT must show that the officer gave the licensee an adequate warning that the consequences of refusal will be the suspension of his operating privileges. *Id.* It is the Commonwealth's burden to prove each of these elements.

After review of the record, this Court finds substantial evidence to support the trial court's determination that Appellant was afforded a "post-warning opportunity" to

assent. Appellant's detention for an additional twenty minutes subsequent to the warning allowed Appellant ample opportunity to assent to take the test, yet he failed to do so. *See Naples v. Department of Transportation, Bureau of Traffic Safety,* 110 Pa. Commonwealth Ct. 37, 531 A.2d 869 (1987). Instead of requesting that the officer administer the test, Appellant requested to speak to his attorney. Although the defective warning was cured by the post-warning opportunity, Appellant's refusal was not vitiated by his request. Appellant admittedly was attempting to divert the officer's attention in order that he may avoid the consequences of his refusal. This conduct does not indicate a qualified or conditional response to the officer's request but clearly evidences an attempt to "debate, maneuver or negotiate" the question of taking the blood test. *See Department of Transportation, Bureau of Traffic Safety v. Doherty,* 88 Pa. Commonwealth Ct. 482, 490 A.2d 481 (1985). This Court finds that Appellant's conduct constitutes less than an unqualified and unequivocal assent.

This Court now turns to DOT's request for counsel fees. A key factor in deciding if an appeal is frivolous or not entails a determination of whether, as a matter of law or fact, Appellant's contentions have any likelihood of success or whether continuation of the contest is reasonable. *Wenger v. Commonwealth of Pennsylvania,* 107 Pa. Commonwealth Ct. 20, 527 A.2d 1071 (1987). The issue of whether a police officer must take some affirmative steps to inform a licensee that he has a "post-warning opportunity" to assent has not been specifically addressed. However, this Court in *Department of Transportation, Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 411 A.2d 276 (1980), did refuse to uphold a license suspension under circumstances where DOT refused to accept a post-warning assent given by licensee, after his initial refusal of testing, in response

to an untimely warning. Prudence dictates, therefore, that to allow a licensee an informed choice as to refusal or assent when confronted with a request for chemical testing where an untimely warning is given, the licensee shall be allowed an opportunity for post-warning assent to testing. However, as stated in *Sheakley v. Department of Transportation*, 99 Pa. Commonwealth Ct. 328, 513 A.2d 551 (1986), *appeal denied*, 515 Pa. 586, 527 A.2d 546 (1987), a licensee should be warned of automatic license suspension prior to a request for submission to testing. Under the circumstances of this case, an award of counsel fees to DOT under Pa. R.A.P. 2744 will not be granted.

Substantial evidence exists to support the trial court's determination, and its decision is therefore affirmed.

### ORDER

AND NOW, this 19th day of January, 1989, the decision of the Court of Common Pleas of Franklin County is affirmed.

Judge MACPHAIL did not participate in the decision in this case.