In Re: Appeal of Donald Earl Miller From Suspension of his Operating Privileges. Donald Earl Miller, Appellant.

Submitted on briefs November 14, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*John B. McCue, McCue, Bertocchi and Heim,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, January 23, 1984:

This is an appeal by Donald Earl Miller (Appellant) from an order of the Court of Common Pleas of Armstrong County, dismissing Appellant's appeal of a six month suspension of his driving privileges pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b). Appellant had refused to take a breathalyzer test. We affirm.

At the hearing on the suspension held before the court of common pleas, the arresting officer testified that when he arrested Appellant for driving under the influence, he asked Appellant if he would submit to a breathalyzer test. When Appellant refused, the arresting officer told Appellant that his refusal would result in an automatic six months suspension of his driving privileges. The desk sergeant, a certified breathalyzer operator, testified that when Appellant arrived at the police station, the sergeant asked Appellant if he would submit to a breathalyzer test.

When Appellant refused, the sergeant told Appellant of the six months suspension and Appellant refused again. The sergeant testified that approximately 15-20 minutes later, Appellant changed his mind and wanted to take the test.

Appellant argues that the arresting officer never advised him of the consequences of his refusal. He contends also that while the sergeant informed him of the consequences and he initially refused, he changed his mind within 10 minutes and therefore, he should have been given the breathalyzer test.

A driver's refusal to take a breathalyzer test mandates suspension of his operator's license under the Code. A refusal is anything substantially short of an unqualified unequivocal assent to an officer's request to the arrested motorist. *Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 346, 411 A.2d 276, 277 (1980).

The common pleas court concluded that since the Appellant refused to take a breathalyzer test after being informed of the consequences by two police officers, Appellant's assent to the test 15-20 minutes after his refusal could not be deemed an unqualified and unequivocal assent. We agree. The police officers properly accepted Appellant's refusals to be final. As the common pleas court stated, "police officers are not required to spend effort either cajoling the defendant or spend time waiting to see if the defendant will ultimately change his mind." *See also Department of Transportation, Bureau of Highway Safety v. O'Rourke,* 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976).

ORDER

The order of the Court of Common Pleas of Armstrong County, No. 1981-1005—Civil, December 21, 1981 is affirmed.

President Judge CRUMLISH, JR. dissents.