Justice ALBIN,
dissenting.
The majority accepts the trial court’s findings that Bernice Tambascia-Foleher used undue influence to isolate her infirm and dying husband from the children of his first marriage. The majority agrees that, through that undue influence, Bernice engaged in a pernicious scheme to make herself the beneficiary of Folcher’s estate, that she forged codicils to his will to advance that scheme, and that she committed a fraud on the estate’s heirs. The majority does not dispute that Bernice filed a fake codicil with the probate court, gave false testimony in court, and engaged in fraudulent and frivolous litigation that depleted nearly all the assets of the Foleher estate.
In exercising its equitable powers, the probate court ordered Bernice to reimburse the Foleher estate for the attorney’s fees expended in defending against her groundless and deceitful actions. The Appellate Division affirmed this unremarkable decision, relying on In re Niles Trust, 176 N.J. 282, 298, 823 A.2d 1 (2003).
The majority, astonishingly, reverses this fair and just award against the wrongdoer. The majority claims that the general rule *516 against fee shifting — the American Rule — commands the defeat of equity. However, the American Rule is riddled with myriad exceptions based on equity and public policy. Those exceptions are found in our statutes, our Court Rules, and our case law. Indeed, the probate court’s ruling is a natural extension of this Court’s fee-shifting decisions, including Innes v. Marzano-Lesnevich, 224 N.J. 584, 136 A.3d 108, 2016 WL 1628919 (2016), issued today. In light of the egregious behavior of Bernice, including her corrupt attempts to deny Mr. Folcher’s rightful heirs their patrimony, it is hard to imagine a more justifiable scenario for fee shifting. The majority’s remand for further proceedings on the issue of punitive damages will needlessly continue litigation that is sapping the estate’s limited assets.
I would uphold the probate court’s equitable order requiring Bernice to reimburse the reasonable attorney’s fees expended by the Folcher estate in protecting the Folcher children’s inheritance from her fraud. I therefore respectfully dissent.
I.
The American Rule is not a sacred creed. Fee-shifting statutes, court rules, and case law are now a commonplace part of our civil justice system’s efforts to promote equity, deter wrongful conduct, and encourage lawyers to undertake cases that further the public interest.
A.
The Legislature has enacted numerous statutes that allow for fee shifting for the public good. See, e.g., N.J.S.A. 2A:15-59.1(a) (allowing attorney’s fees for prevailing party in frivolous actions); N.J.S.A. 2A:18-61.1e (allowing attorney’s fees for evicted tenant not given proper notice of owner’s intention to return property to residential use); N.J.S.A. 2A:18-61.6 (allowing attorney’s fees for wrongfully evicted tenant); N.J.S.A. 2A:23B-25 (allowing attorney’s fees at court’s discretion to prevailing party in contested arbitration award); N.J.S.A 2A:34-25 (allowing attorney’s fees *517 incurred as result of opposing party’s failure to comply with notice provisions of alimony-termination statute); N.J.S.A. 10:5-27.1 (allowing attorney’s fees to prevailing party in successful Law Against Discrimination actions and in unsuccessful Law Against Discrimination actions brought in bad faith); N.J.S.A. 10:6-2 (allowing attorney’s fees to prevailing party in claims pursuant to New Jersey Civil Rights Act); N.J.S.A. 17:33A-7 (allowing attorney’s fees to insurance company damaged by violation of Insurance Fraud Prevention Act); N.J.S.A. 19:31-29 (allowing attorney’s fees to prevailing party where Secretary of State fails to respond to alleged election violations within timeframe designated by statute); N.J.S.A. 34:11B-12 (allowing attorney’s fees to prevailing party in action pursuant to Family Leave Act); N.J.S.A 34:19-5 (allowing attorney’s fees to prevailing plaintiff in claim under Conscientious Employee Protection Act); N.J.S.A. 34:19-6 (allowing attorney’s fees to defendant under Conscientious Employee Protection Act where claim is baseless and employee does not file voluntary dismissal within reasonable time after discovering this); N.J.S.A 45:1-25 (allowing attorney’s fees to State in action pursuant to Health Care Professional Responsibility and Reporting Enhancement Act); N.J.S.A. 52:4C-5 (allowing attorney’s fees to prevailing party in successful action for mistaken imprisonment); N.J.S.A. 56:9-10(b) (allowing attorney’s fees to plaintiff where court issues permanent injunction pursuant to New Jersey Antitrust Act); N.J.S.A. 56:12-85 (allowing attorney’s fees to consumer in successful claim under Consumer Protection Leasing Act); N.J.S.A. 59:9-5 (allowing attorney’s fees to successful claimant under Tort Claims Act).
B.
Our Court Rules also permit fee shifting in a number of defined instances. See generally R. 4:42-9; Innes, supra, 224 N.J. at 592-93, 136 A.3d at 113. For example, attorney’s fees are permissible out of a decedent’s estate when “probate is refused” or when a “contestant had reasonable cause for contesting the validity of *518 the will or codicil.” R. 4:42 — 9(a)(3). Admittedly, the court rule does not provide for attorney’s fees in the precise circumstances of this case. The logic of the rule, however, applies perfectly here. Foleher’s heirs have established more than a “reasonable cause for contesting the validity of the will or codicil.” The rightful heirs have exposed the wrongdoing of a party who presented a fraudulent codicil — a party whose corrupt conduct has depleted the estate’s assets. Unless Bernice is made to reimburse the attorney’s fees expended by the estate in this case, there may be no assets left to distribute. Our Court Rules are “construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.” R. l:l-2(a). To the extent our current rules do not cover the egregious wrongdoing in this case, this Court is empowered to amend the rules and regularly does so to further promote justice and fairness. See Pressler & Verniero, Current N.J. Court Rules viii-xii (Gann 2016).
C.
Importantly, this Court has not hesitated to add exceptions to the American Rule when “the interest of equity [has] demanded] it.” Niles, supra, 176 N.J. at 298, 828 A.2d 1 (alteration in original) (quoting In re Estate of Lash, 169 N.J. 20, 43, 776 A.2d 765 (2001) (Verniero & LaVecchia, JJ., dissenting)). We permit fee shifting in attorney malpractice actions to make the client whole — because the cost of retaining counsel constitutes consequential damages. Saffer v. Willoughby, 143 N.J. 256, 272, 670 A.2d 527 (1996). We also have permitted an award of attorney’s fees in an action against an attorney who intentionally violated his fiduciary duty to a client, Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 442-43, 771 A.2d 1194 (2001), in an action against the administrator of an estate who misappropriated the estate’s funds, Lash, supra, 169 N.J. at 23, 776 A.2d 765, and in an action against a trustee of an estate who exercised undue influence over a testator, Niles, supra, 176 N.J. at 298-99, 823 A.2d 1. Most *519 recently, this Court held that a counsel-fees award can be entered against an attorney who intentionally breaches her fiduciary duty to honor an escrow agreement that benefits a non-client. Innes, supra, 224 N.J. at 598-99, 136 A.3d at 116-17.
II.
A.
The American Rule serves the laudable purpose of promoting access to our courts by ensuring litigants that, if they lose their case, they will not have to pay the prevailing party’s legal fees. See Niles, supra, 176 N.J. at 294, 823 A.2d 1. The prospect of potentially ruinous legal fees, understandably, will discourage litigation brought in good faith. On the other hand, our developing common and statutory law recognize that through fee shifting the “victims of perfidious behavior” can be made whole, id. at 296, 823 A.2d 1, and that frivolous and fraudulent litigation can be deterred, Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 172-73, 892 A.2d 1240 (2006) (noting that statutory award of attorney’s fees, in part, is intended to deter such conduct). In considering whether to carve out an exception to the American Rule, we must weigh those competing principles. The American Rule is a common-law principle, not an unalterable commandment. The common law is an expression of public policy and social values. See Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 435, 625 A.2d 1110 (1993). As our public policy matures and our social values evolve, so must the common law, ibid., and so must the American Rule.
In Niles, supra, the Court understood that the equitable remedy of counsel fees might be required in “the unique circumstances” of a ease, even in the absence of an applicable statute or court rule. 176 N.J. at 296-97, 823 A.2d 1. Niles, like the present case, was litigated in the probate court — a court of equity. In Niles, a mother and son “unduly influenced” an eighty-eight-year-old single woman suffering from dementia to name the son *520 the trustee of three inter vivos trust agreements. Id. at 286, 823 A.2d 1. With the former trustee removed, the mother and son manipulated the elderly woman “to confer upon them substantial economic benefits under the altered trust agreements.” Ibid. We held the mother-son team responsible for all reasonable counsel fees incurred by the parties who litigated “to restore the estate’s assets to what they would have been had the undue influence not occurred.” Ibid.
We explained in Niles that “undue influence” is “a form of fraud” and is “an egregious intentional tort that ... establishes a basis for punitive damages in a common law cause of action.” Id. at 300, 823 A.2d 1. We concluded that “the undue influence exception [to the American Rule] does not violate the purposes” underlying the Rule. Ibid.
B.
There is no meaningful distinction between Niles and the present case. Indeed, the fraud here exceeded the typical undue influence scenario in which, through “mental, moral or physical exertion,” the wrongdoers overcome “the free agency of a testator.” See id. at 299, 823 A2d 1 (quoting Haynes v. First Nat’l State Bank of N.J., 87 N.J. 163, 176, 432 A.2d 890 (1981)). The probate court in this case found that Bernice “committed acts of undue influence when she compelled [Foleher] to transfer assets/personal property during the last week of his life.” The court also determined that Bernice “committed fraud and forgery in the making and/or execution of’ the two codicils and deed to the marital home.
Unlike the present ease, in Niles one of the wrongdoers — the son — wangled his way into the role of trustee to exert his undue influence. Id. at 286, 823 A.2d 1. His non-trustee scheming mother, however, was made jointly and severally liable for counsel’s fees. Ibid.
Bernice admittedly was not the executor of her husband’s estate. Nevertheless, as Folcher’s wife, she used her confidential *521 relationship to exert egregious undue influence over her infirm and isolated husband. She also engaged in intentional misconduct by fraudulently creating documents for the purpose of defrauding Folcher’s rightful heirs. And, to that end, she filed false documents with the probate court to corrupt the civil justice system.
As in Niles, the issue here is whether “the unique circumstances of this case” call for the equitable remedy of an award of attorney’s fees. Id. at 296, 823 A.2d 1.
TV.
The majority’s inflexible approach to the American Rule in this case is at odds with the evolving ethos of our common law. The Folcher estate’s assets have been depleted by having to fend off Bernice’s bogus legal claims. The attorney’s fees incurred represent consequential damages suffered by Folcher’s rightful heirs. Shifting attorney’s fees, moreover, advances the public policy of deterring the type of wrongful conduct that occurred here. This ease more than qualifies as a sensible exception to the American Rule.
Remanding this case for further proceedings relating to punitive damages will lead to more wasteful litigation for an estate with limited assets. It is pointless to award punitive damages in place of awarding the consequential damages of attorney’s fees suffered by the estate. To the extent that attorney’s fees are intended to deter and punish, they serve the purpose of punitive damages in this ease. See Land, supra, 186 N.J. at 185, 892 A.2d 1240 (Albin, J., dissenting). I cannot agree to the majority’s exaltation of form over substance, making attorney’s fees impermissible while allowing for punitive damages.
The majority has undone an equitable ruling that made whole the victims of Bernice’s fraud. I would end the litigation today and affirm the judgment of the Appellate Division, requiring Bernice to reimburse the Folcher estate for the attorney’s fees expended as a result of her egregious misconduct. I therefore respectfully dissent.
*522 For affirmance/reversal/remandment — Chief Justice RABNER and Justices LaVECCHIA, PATTERSON, SOLOMON and Judge CUFF (temporarily assigned) — 5.
For dissent — Justice ALBIN — 1.
Not participating — Justice FERNANDEZ-VINA — 1.