Tarquino Hugo-Angamarca       :
                               :
        v.                  :  No. 277 C.D. 2024
                               :  Submitted: March 4, 2025
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                 Appellant  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE STACY WALLACE, Judge (P.)
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                      FILED: April 29, 2025

       The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals the February 15, 2024 dated order (order) of the Court of Common Pleas of Delaware County (trial court) sustaining the appeal of Tarquino Hugo-Angamarca (Licensee) from DOT's one-year suspension of his operating privilege for refusing to submit to a chemical blood test under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), commonly known as the Implied Consent Law.[1]  DOT argues the trial court erred as a matter of law in

---

[1] The Implied Consent Law provides in relevant part:

**(Footnote continued on next page…)**

concluding the patrolman's verbatim reading of the implied consent warnings in the DL-26B form did not warn Licensee of the consequences of refusing the chemical blood test. Upon review, we reverse.

**Background**

On August 26, 2023, Patrolman Weston Menzie (Patrolman Menzie) of the Upper Darby Township Police Department arrested Licensee for driving under the influence of alcohol or a controlled substance (DUI). Reproduced Record (R.R.) at 18a-19a, 25a-26a. Licensee refused to submit to a chemical blood test at the time of the arrest. *Id.* at 26a. By notice mailed September 13, 2023, DOT informed Licensee his driving privilege would be suspended for one year, effective October 18, 2023, because he refused to submit to the test. *Id.* at 10a. Licensee timely appealed to the trial court.

The trial court conducted a trial *de novo* on February 15, 2024.[2] *Id.* at 18a. At trial, Patrolman Menzie testified he responded to a motor vehicle accident involving Licensee. *Id.* at 20a. When Patrolman Menzie arrived at the scene of the accident, Licensee was in his vehicle. *Id.* Patrolman Menzie asked Licensee to step out of the vehicle. *Id.* at 21a. Patrolman Menzie observed that Licensee "kind of fell into the doorway" and had bloodshot, glassy eyes, and slurred speech. *Id.* Patrolman Menzie conducted the standardized field sobriety tests. *Id.* at 22a. Based

---

(1) If any person placed under arrest for a violation of section 3802 [relating to driving under the influence] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person as follows:
    (i) . . . for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

[2] A trial *de novo* "permits a trial court to consider the case anew." *In re Vencil*, 152 A.3d 235, 237 n. 1 (Pa. 2017).

on his observations and testing, Patrolman Menzie believed Licensee was under the influence of alcohol or a controlled substance and incapable of safely operating a motor vehicle. *Id.* at 22a-24a. Patrolman Menzie arrested Licensee for suspicion of DUI and placed him in the back of a police vehicle. *Id.* at 26a. Patrolman Menzie then read Licensee the implied consent warnings verbatim from the DL-26B form.[3] *Id.* Licensee refused the chemical blood test. *Id.* At trial, Licensee testified only that the vehicle involved in the accident was his vehicle. *Id.* at 34a.

After the trial *de novo*, the trial court issued its order sustaining Licensee's appeal and finding DOT did not satisfy its burden of proof that Licensee was warned of the consequences of refusing the chemical blood test. DOT now appeals to this Court. On appeal, DOT asserts the trial court erred by sustaining Licensee's appeal because a police officer's reading of the implied consent warnings to a licensee from the DL-26B form satisfies the warning requirement.

---

[3] The implied consent warnings, as outlined in DOT's DL-26B form, are as follows:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months. If your operating privilege is suspended for refusing chemical testing, you will have to pay a restoration fee of up to $2000 in order to have your operating privilege restored.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

R.R. at 43a.

**Analysis**

In reviewing the trial court's decision, we are limited to "determining whether the trial court's findings are supported by substantial evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion." *McCloskey v. Dep't of Transp., Bureau of Driver Licensing*, 722 A.2d 1159, 1161 (Pa. Cmwlth. 1999). The trial court is the fact-finder in license suspension appeals and determines credibility and weight of the evidence presented.[4] *Factor v. Dep't of Transp., Bureau of Driver Licensing*, 199 A.3d 492, 497 (Pa. Cmwlth. 2018).

To defend a license suspension at an appeal hearing, DOT must establish: (1) a police officer arrested the licensee for DUI and the officer had reasonable grounds to believe the licensee was operating the vehicle under the influence of alcohol or a controlled substance; (2) the officer asked the licensee to submit to a chemical test; (3) the licensee refused to submit to the chemical test; and (4) the officer warned the licensee that refusing the chemical test might result in a license suspension. *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). The sole issue in this case is whether DOT met its burden of proof with respect to the warning requirement because it presented testimony that Patrolman Menzie read the implied consent warnings to Licensee verbatim from the DL-26B form.

It is well settled that "the DL-26[B] Form is sufficient as a matter of law to meet the warning requirement under Vehicle Code Section 1547(b)." *Yourick v.*

---

[4] The trial court implicitly found Patrolman Menzie credible because it based its findings of fact on Patrolman Menzie's account of the events, including finding that Patrolman Menzie read the warnings on the DL-26B form to Licensee. Furthermore, the trial court did not declare Patrolman Menzie's testimony incredible. *See* R.R. at 67a; *Hasson v. Dep't of Transp., Bureau of Driver Licensing*, 866 A.2d 1181, 1186 (Pa. Cmwlth. 2005) ("We agree with PennDOT that the trial court implicitly found [the officer] credible by crediting his account of the events.").

*Dep't of Transp., Bureau of Driver Licensing*, 965 A.2d 341, 345 (Pa. Cmwlth. 2009); *Quigley v. Dep't of Transp., Bureau of Driver Licensing*, 965 A.2d 349, 353 (Pa. Cmwlth. 2009) ("We hold [the DL-26B Form] warning sufficiently apprises the driver hearing and/or reading it that, if he/she refuses to submit to the chemical test, his/her operating privileges 'will be suspended,' and that other penalties may be imposed."); *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 281 (Pa. Cmwlth. 2018) ("[A] reading of the DL-26[B] Form sufficiently apprises the driver, either hearing or reading it, that if she refuses to submit to the chemical test, her operating privilege[] will be suspended."); *Broadbelt v. Dep't of Transp., Bureau of Driver Licensing*, 903 A.2d 636, 641 (Pa. Cmwlth. 2006) (holding that an officer who read a licensee the DL-26B Form complied with his duty to inform a licensee of the consequences of refusing to submit to a chemical test and a licensee's silence constituted a refusal in violation of Section 1547 of the Vehicle Code). Furthermore, "police officers are not required to spend effort either cajoling the [licensee] or spend time waiting to see if the [licensee] will ultimately change his mind." *Broadbelt*, 903 A.2d at 641 n.7 (quoting *Appeal of Miller*, 470 A.2d 213, 214 (Pa. Cmwlth. 1984)).

Here, the trial court found there was insufficient evidence to prove Patrolman Menzie warned Licensee that refusing a chemical blood test might result in a license suspension because there was no testimony demonstrating that Licensee "understood what was being read, what was being asked of him, or what the consequences were. [Patrolman] Menzie simply stated that he read the form." R.R. at 68a. By reading the implied consent warnings in the DL-26B form, Patrolman Menzie requested that Licensee submit to a chemical blood test and warned him that his operating privilege would be suspended for at least one year if he refused the test. R.R. at 26a; *see*

*Yourick*, 965 A.2d at 345. Therefore, DOT met its burden of proof with respect to the warning requirement in Section 1547(b)(1)(i) of the Vehicle Code.

Because DOT met its burden of proof, the burden then shifted to Licensee to prove he was either (1) incapable of making a knowing and conscious refusal, or (2) physically incapable of performing the chemical test. *Curry v. Dep't of Transp., Bureau of Driver Licensing*, 318 A.3d 1012, 1019 (Pa. Cmwlth. 2024). The trial court concluded "[i]t was unreasonable for [Patrolman] Menzie to believe that an intoxicated person, handcuffed in the back of a marked police vehicle, would be able to appreciate the information being provided. . . . [Patrolman] Menzie did not, at any point, ensure [Licensee's] understanding of the critical information." R.R. at 68a. However, there was no testimony at trial that Licensee was incapable of making a knowing and conscious refusal or physically incapable of performing the chemical blood test. Licensee did not meet his burden of proof, and the trial court had no basis to sustain his appeal.

**Conclusion**

For these reasons, the trial court erred by sustaining Licensee's appeal from the one-year suspension of his operating privilege. Accordingly, we reverse the trial court's order.

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tarquino Hugo-Angamarca            :
                                   :
           v.                      : No. 277 C.D. 2024
                                   :
Commonwealth of Pennsylvania,      :
Department of Transportation,      :
Bureau of Driver Licensing,        :
                      Appellant    :

# **O R D E R**

**AND NOW**, this 29th day of April 2025, the February 15, 2024 order of the Court of Common Pleas of Delaware County is **REVERSED**, and the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is hereby directed to reinstate the one-year suspension of Tarquino Hugo-Angamarca's operating privilege.

_____
STACY WALLACE, Judge